UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Donald Syphers</u>

    v.                                 Civil No. 07-cv-155-JD

<u>United States of America</u>

O R D E R

Donald Syphers, proceeding pro se, moves under 28 U.S.C. §
2255 to vacate, set aside, or correct the sentence imposed
following his guilty plea to one count of possession of child
pornography in <u>United States v. Donald Syphers</u>, 03-cr-112-JD.  In
support of his motion, Syphers recants his sworn testimony given
at his change of plea and sentencing hearings and asserts claims
in support of relief under § 2255.  The government has filed its
opposition to Syphers's motion, and Syphers has filed a response.

Background

In August of 2001, a complaint of sexual assault of young
teen-aged girls was brought against Donald Syphers that caused
the Concord police to begin an investigation.  As part of the
investigation, the police interviewed several fourteen and
fifteen year old girls who reported that Syphers had taken
pictures of them with their clothes open to expose their breasts,
fondled them, gave them beer, cigarettes, and money, and blocked

their only means of escape from the room where these activities occurred.  Based on that information, the police obtained a search warrant for Syphers's home in Hillsboro, New Hampshire.

In the search of Syphers's home on November 1, 2001, the police discovered and seized photographs of girls who appeared to be younger than sixteen in sexually explicit positions, a computer, cameras, film, tapes, cassettes, and a camcorder. Further investigation revealed additional pornography, including images of child pornography.  Encryption software had been used to hide the files.

Syphers was charged on June 19, 2003, with one count of possession of child pornography, and he was arrested on June 27, 2003, in Bangor, Maine.  During the criminal proceedings, Syphers was represented by Attorney Jonathan Saxe from the Federal Defender's Office.  In September of 2003, the government moved for a competency examination that Syphers opposed.  Following a hearing, the motion for an examination was denied.  Syphers moved to suppress evidence obtained from his computer in the search, which was also denied.

The jury was selected on May 18, 2004, and evidence began on May 20, 2004.  In his opening statement, Saxe explained to the jury that they would hear testimony from an expert witness, Thomas Workman, who would explain how images of child pornography

2

could have been sent to Syphers's computer without his knowledge
because of his participation in a certain a "news group" that
distributed adult pornography.  Later the same day, a witness
testified about an FBI compilation of known victims of chid
pornography, and Saxe moved for a mistrial, which was granted.

The government then negotiated a plea agreement with
Syphers.  A change of plea hearing was held on July 8, 2004.  In
the course of that hearing, Syphers testified, under oath.  He
stated that he understood he was testifying under oath and that
he could be charged with perjury or with making false statements
if he did not answer the court's questions truthfully.  He
testified that he had experienced mental illness in the past and
had been diagnosed with a bipolar disorder.  He stated that at
the time of the hearing he was not taking medication and was
"competent and lucid and [] aware of what [he was] about to do"
with respect to his plea.  Plea Trans. at 4.  When asked about
Saxe's representation, Syphers answered that he was "very
satisfied." Id. at 6.  He further testified that he signed the
plea agreement freely and voluntarily after reviewing it with
Saxe.

The court then reviewed the potential penalties associated
with the guilty plea, and Syphers indicated at each step that he
understood.  Syphers also stated that he knew he could withdraw

3

his guilty plea if the court did not sentence him in accordance with the terms of the plea agreement.  The court instructed Syphers about the rights he was giving up by pleading guilty, and Syphers interjected comments that demonstrated his understanding of the process.  He also answered that he understood what rights he was giving up by entering a guilty plea and that he was doing so freely and voluntarily.

The court reviewed the elements of the crime charged and then reviewed the facts alleged in the indictment.  Syphers admitted all of the allegations contained in the indictment, including that he was aware that his computer contained images of child pornography in November of 2001, and also agreed to the facts the government presented that would have been proved at trial.  Syphers again stated that he was entering a guilty plea freely and voluntarily.  Based on Syphers's testimony, the court found that he was fully competent and capable of entering an informed plea, that he was aware of the charges against him and of the consequences, that he was aware of the rights he was giving up, and that his plea was knowing and voluntary and supported by the stated facts.  The court accepted Syphers's guilty plea.

On October 14, 2004, Syphers participated in his sentencing hearing.  Saxe explained to the court that Syphers objected to

4

that part of the presentence investigation report that some of
the images found on his computer "depicted children as young as
five or six years old."  PSR ¶ 12.  Syphers stated at the hearing
that he was not aware of any pornographic pictures in his
computer of children as young as five or six years old.  Syphers
acknowledged the charged pictures of a thirteen or fourteen year
old girl.  The prosecutor did not object to Syphers stating that
he was unaware of the pictures of the five or six year olds and
explained:  "That's entirely possible, your Honor, given what we
feel were the number of images that were found."  Sent. Trans. at
6.  The court then noted that Syphers was not aware of those
pictures next to the pertinent paragraph in the presentence
investigation report.

Syphers was sentenced to thirty months imprisonment in the
custody of the Bureau of Prisons with supervised release for
three years thereafter.  Several other special conditions were
imposed on Syphers's conduct after his release.  Saxe requested
on behalf of Syphers that the court recommend that Syphers be
imprisoned at Fort Devens because of his history of mental health
treatment.  The court agreed to recommend the Fort Devens
facility.

Discussion

Syphers brings two ineffective assistance of counsel claims, a claim of actual innocence, a claim that sex offender registration violates the Eighth Amendment, and a claim that he was not competent to plead guilty.  The government contends that the record in Syphers's criminal case, including the transcripts of his change of plea hearing and his sentencing hearing, preclude most of his claims and that the Sex Offender Registration and Notification Act does not violate his Eighth Amendment rights.  Syphers filed a rambling response to the government's opposition in which he states that he testified falsely at his change of plea and sentencing hearings, states that he did not intend to plead guilty, challenges parts of his criminal history from the Presentence Investigation Report, and denies that any child pornography was found on his computer.

When a movant seeks relief under § 2255, "a district court must grant an evidentiary hearing on the prisoner's claims unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007).  If no hearing is held, the prisoner's sworn allegations of fact are taken as true, although conclusory statements, statements that conflict with the record, and statements that are "inherently incredible" need not

6

be considered.  Id.

In this case, although Syphers signed the declaration under
penalty of perjury that his § 2255 motion was true and correct,
to the extent the statements of fact in the motion contradict his
sworn testimony in this court, they will not be considered.
Syphers did not swear to or sign his response to the government's
opposition under penalties of perjury.  Neither Syphers nor the
government requests a hearing, and based on the record, no
hearing is necessary on the motion.


A.  Ineffective Assistance of Counsel

Constitutionally ineffective assistance of counsel is
demonstrated in two steps.  "[A] defendant must show that
'counsel's representation fell below and objective standard of
reasonableness,' and that 'the deficient performance prejudiced
his defense." Owens, 483 F.3d at 57 (quoting Strickland v.
Washington, 466 U.S. 668, 687–88 (1984)).  Deficient performance
means "that counsel was not acting within the broad norms of
professional competence." Id.  Prejudice occurs when "but for
counsel's deficient performance, there is a reasonable
probability that the outcome would have been different." Id. at
58.

Syphers contends that his defense counsel, Attorney Jonathan

7

Saxe, was constitutionally ineffective in presenting a defense at trial, over Syphers's objection, that did not accurately show how eight illegal photographs appeared on Syphers's computer and because Saxe coerced Syphers into a guilty plea.  Based on the record, Syphers cannot prove ineffective assistance of counsel on either ground.

Saxe planned to offer a defense based on expert testimony about how illegal images could have appeared on Syphers's computer without his knowledge.  The trial ended in a mistrial, however, that was unrelated to the defense Saxe had planned.  The defense, which Syphers now criticizes, had no effect on the outcome of the trial or on Syphers's guilty plea.  Therefore, even if the defense were shown to be so inadequate as to constitute deficient representation, which is unlikely, Syphers cannot show he was prejudiced.

Syphers also contends that Saxe provided ineffective representation because he made Syphers feel he "had no choice but to plead guilty" based on the images found on his computer and coerced him into the plea by telling him he would be insane not to take the offer.  Syphers asserts that he was sensitive to being told that he would be insane not to take the plea because of his history of mental health issues.  He further asserts that he did not raise these issues previously because he has been

8

"slowly emerging from the fog of that last few yrs. only to realize the enormity of the error of pleading guilty when [he] was not."  Motion at 5.

Contrary to these assertions, Syphers testified at his change of plea hearing and his sentencing hearing that he was competent and lucid, that he understood the consequences of a guilty plea, and that he was voluntarily and knowingly changing his plea to guilty.  He testified that he was very satisfied with Saxe's representation.  He also admitted the facts alleged by the government in support of the charge against him, which established his guilt as to the charge of possession of child pornography.  At the sentencing hearing, Syphers contested the reference in the presentence report that he was aware of pictures of five or six year olds on his computer, which the court accepted, but he acknowledged that he was aware of the pictures of a thirteen or fourteen year old girl.  Given Syphers's testimony under oath, no factual basis exists to support his claim that Saxe coerced him into pleading guilty.

B.   Actual Innocence

Relief under § 2255 is available if the movant can establish a constitutional error that resulted in his conviction although he is actually innocent.  Bousley v. United States, 523 U.S. 614,

9

623 (1998).  "To establish actual innocence, petitioner must
demonstrate that, in light of all the evidence, it is more likely
than not that no reasonable juror would have convicted him."  <u>Id.</u>
(internal quotation marks omitted).  In this context, "'actual
innocence' means factual innocence, not mere legal
insufficiency."  <u>Id.</u>

    In support of his claim of actual innocence, Syphers states
that he "had never seen the images in question prior to
discovery.  No reasonable person could find that I had an
interest in children simply because 8 illegal image[s] were found
among over 68,000 legal images.  Even AUSA Feith conceded that
point at sentencing."  Motion at 6.  To refute a contrary
inference based on misdemeanor charges of sexual assault of girls
aged fourteen and fifteen which were brought against him before
he was charged with possession of child pornography, Syphers
states that "no court has ever heard an accurate representation
of the circumstances regarding the allegations by someone who was
actually present."[1]  <u>Id.</u>

    At sentencing, the prosecutor agreed to allow Syphers to
contest the statement in the presentence report that he was aware
of illegal images of five and six year olds on his computer.  The

----

[1]Syphers pled guilty to one charge of simple assault.

government's case was not based on those images.  Therefore,
whether or not Syphers knew of those images is immaterial to his
guilt.  Syphers admitted under oath that he knew that the charged
illegal images were on his computer.  He has offered nothing to
overcome that admission or to show his actual innocence of the
charge of possession of child pornography to which he pled
guilty.

C.   <u>Eighth Amendment</u>

Syphers contends that the requirement, under the Sex
Offender Registration and Notification Act, 42 U.S.C. §§ 16902,
et seq, that he register as a sex offender violates the
prohibition against cruel and unusual punishment under the Eighth
Amendment.  Courts that have considered challenges to the Act,
however, have concluded that it is a civil regulatory procedure
and nonpunitive.  <u>See</u> <u>United States v. May</u>, 2007 WL 2790388 at *5
(S.D. Iowa Sept. 24, 2007) (citing cases); <u>United States v.
Comstock</u>, --- F. Supp. 2d ---, 2007 WL 2588815 at *4 (E.D.N.C.
Sept. 7, 2007) (citing cases).  Syphers has not provided any
basis for the court to deviate from the holdings in the cited
cases.  Therefore, Syphers has not shown an Eighth Amendment
violation.

11

D.  Competency

Syphers argues that when he pled guilty, he lacked the capacity to understand the consequences of his plea.  "It is a bedrock principle that, under ordinary circumstances, the voluntariness of a guilty plea can be questioned on collateral review under 28 U.S.C. § 2255 only if, and to the extent that, the plea has been challenged on direct appeal."  Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005) (citing Bousley, 523 U.S. at 621).  Failure to do so results in a procedural default of the issue that can be overcome only by showing cause for the default and actual prejudice resulting from it or that the movant is actually innocent of the crime.  Id.

Syphers appealed from his conviction only on the issue of his motion to suppress the evidence found on his computer.[2]  It appears, therefore, that he failed to raise the issue of whether his plea was knowing and voluntary on direct appeal.  In any case, based on the record, the claim has no merit.  Syphers demonstrated at both his change of plea hearing and sentencing hearing that he was competent and that he was knowingly and voluntarily pleading guilty.  His assertions to the contrary now

---

[2]Neither side submitted Syphers's notice of appeal, and the mandate does not provide sufficient information to determine what issues were raised on appeal.

12

are insufficient to support the claim.

<u>Conclusion</u>

For the foregoing reasons, the motion for relief under §
2255 (doc. no. 1) is denied.  As the movant is not entitled to
relief, the clerk of court shall enter judgment accordingly and
close the case.


SO ORDERED.


                                   <u>/s/ Joseph A. DiClerico, Jr.</u>
                                   Joseph A. DiClerico, Jr.
                                   United States District Judge

October 19, 2007

cc:  Donald Syphers, pro se
     Aixa Maldonado-Quinones, Esq.